UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20382-CR-GAYLES/GOODMAN**
CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

ZACHARY KAMERON RAMYARD,

　　　　Defendant.
_____/

FILED BY ___MP___ D.C.
Aug 29, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### California Unemployment Insurance During the COVID-19 Pandemic

1.　Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program, Federal Pandemic Unemployment Compensation Program, and the Lost Wages Assistance Program.

2.　In the State of California, the Employment Development Department ("CA-EDD"), based in Sacramento, California, administered the UI program. Those seeking UI benefits submitted online applications. In order to receive benefits, applicants were required to provide their personally identifying information ("PII"), such as their name, social security number, and

mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The CA-EDD relied upon the information in the application to determine UI benefits eligibility.

3.    In order to successfully file an unemployment claim with CA-EDD, the applicant had to pass an identity verification process with the online service provider "ID.me" (www.id.me) by submitting the applicant's PII, a copy of the applicant's driver's license, and a real-time photograph of themselves to ID.me for identity verification.

4.    Once an application was approved, the CA-EDD typically distributed state and federal UI benefits electronically to a debit card, which claimants could use to withdraw funds and/or make purchases. These debit cards, which were issued by a bank headquartered in North Carolina, with locations in the Southern District of Florida (hereinafter, "Bank 1"), were sent via the U.S. Postal Service to the address the claimant provided. Claimants could activate their debit card via telephone or online.

### The Defendant and Co-Conspirator 1

5.    **ZACHARY KAMERON RAMYARD** was a resident of Orange County, Florida.

6.    Co-Conspirator 1 was a resident of Miami-Dade County, Florida.

### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

7.    From at least as early as in or around August 2020 and continuing through in or around August 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ZACHARY KAMERON RAMYARD,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Co-Conspirator 1 and others known and unknown to the

United States Attorney to commit wire fraud, that is, to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## **PURPOSE OF THE CONSPIRACY**

8. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent applications to the CA-EDD for UI benefits and payments in the form of prepaid debit cards mailed to residences in the Southern District of Florida and elsewhere; (b) diverting the CA-EDD debit cards and fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the fraud; and (c) concealing the commission of the offense and the use of the fraud proceeds.

## **MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

9. **ZACHARY KAMERON RAMYARD** and co-conspirators purchased the PII of victims without lawful authority and created counterfeit driver's licenses that listed the victims' PII alongside the photographs of co-conspirators.

10. **ZACHARY KAMERON RAMYARD** and co-conspirators, using electronic devices connected to the Internet, submitted false and fraudulent applications for UI benefits to the

CA-EDD under the corresponding victims' identities without their authorization. The UI benefit applications contained false and fraudulent representations, including: the claimants' contact information; that the claimants lived in a particular state; that the claimants were available to work during the prescribed periods; and that the claimants were newly unemployed due to a disaster, including the COVID-19 pandemic, among other misrepresentations.

11. Co-Conspirator 1 conducted identity verification on ID.me for fraudulent UI benefit applications in victims' names by taking live photographs of himself that matched counterfeit driver's licenses that contained his face along with PII belonging to victims.

12. Over the course of the conspiracy, the CA-EDD approved at least 68 fraudulent UI benefit applications submitted by **ZACHARY KAMERON RAMYARD**, resulting in the disbursement of approximately $1,288,500 in the form of prepaid debit cards issued by Bank 1.

13. **ZACHARY KAMERON RAMYARD** used the fraudulent UI debit cards to withdraw money at ATMs in Florida, Maryland, and California.

14. **ZACHARY KAMERON RAMYARD** used the fraudulent UI proceeds to make luxury purchases in Miami, Florida, and elsewhere, including the purchase of diamond-studded teeth jewelry, colloquially referred to as "grills."

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purposes of alleging forfeiture to the United States of America of certain property in which the defendant, **ZACHARY KAMERON RAMYARD**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Information, the Defendant, **ZACHARY KAMERON RAMYARD**, shall forfeit

to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If any property subject to forfeiture as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

JOSEPH EGOZI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ZACHARY KAMERON RAMYARD,

_____/
Defendant.

CASE NO.: 24-20382-CR-GAYLES/GOODMAN

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I   ☒ 0 to 5 days               ☐ Petty
   II  ☐ 6 to 10 days              ☐ Minor
   III ☐ 11 to 20 days             ☐ Misdemeanor
   IV  ☐ 21 to 60 days             ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge _____ Case No. 23-mj-3910-Otazo-Reyes
9. Defendant(s) in federal custody as of 1/25/2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _/s/ Joseph Egozi_____
Joseph Egozi
Assistant United States Attorney
Court ID No.    A5502707

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** ZACHARY KAMERON RAMYARD

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: Twenty (20) Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: Three (3) Years**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss Resulting from the Offense**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER:  24-20382-CR-GAYLES/GOODMAN

### BOND RECOMMENDATION

DEFENDANT: Zachary Kameron Ramyard

**Pre-Trial Detention**

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Joseph Egozi

Last Known Address: [REDACTED]

What Facility: **FCI Miami, 15801 S.W. 137th Ave. Miami, FL 33177**

Agent(s): **S/A Joseph Hernandez, HSI**
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   **(OTHER)**
1226 NW 20th St., Miami, FL 33172

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Zachary Kameron Ramard, | ) | **24-20382-CR-GAYLES/GOODMAN** |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*