UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20382-DPG

UNITED STATES OF AMERICA

v.

ZACHARY KAMERON RAMYARD,

      **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the defendant, Zachary Kameron Ramyard, agree that had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to a violation of 18 U.S.C. § 1349 that occurred in the Southern District of Florida and elsewhere.

Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program (PUA), Federal Pandemic Unemployment Compensation Program (FPUC), and the Lost Wages Assistance Program (LWAP). In the State of California, the Employment Development Department (EDD), based in Sacramento, California, administered the UI program. Those seeking UI benefits submitted online applications. In order to successfully file an unemployment claim with EDD, the applicant had to pass an identity verification process with "ID.me" (www.id.me) by submitting the applicant's personal information, a copy of the applicant's driver's license, and a selfie photograph to ID.me for identity verification. Applicants also had to

provide their name, Social Security Number (SSN), and mailing address, among other things, and to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The EDD relied upon the information in the application to determine UI benefits eligibility. Once an application was approved, the EDD typically distributed state and federal UI benefits electronically to a debit card, which claimants could use to withdraw funds and/or make purchases. These debit cards, which were issued by Bank of America, were sent via the U.S. Postal Service to the address the claimant provided. Claimants could activate their debit card via telephone or online.

From in or around August 2020 through in or around ~~January~~ August 2022, the defendant agreed with co-conspirators to submit fraudulent UI claims to the EDD on behalf of dozens of individuals without their authorization. To do so, the defendant purchased their personal identifiable information ("PII") online and used burner phones to disguise his identity when communicating with co-conspirators and submitting the electronic applications. The defendant created new contact email addresses to submit and track fraudulent applications, including drjohn3900@yahoo.com. In order to verify the fraudulent applications with ID.me, the defendant and co-conspirators created counterfeit driver's licenses with victims' PII and the faces of Co-Conspirator 1 and other co-conspirators. In turn, the defendant instructed Co-Conspirator 1, a Miami-Dade County resident, to take selfie photographs of himself to match the counterfeit driver's licenses. The fraudulent UI claims triggered interstate wires to EDD and caused Bank of America to mail debit cards to Florida and California addresses controlled by the defendant and co-conspirators.

As a result of 68 of the defendant's fraudulent applications in different victims' names, the California EDD deposited $1,288,500 in UI claims onto fraudulent debit cards controlled by the defendant and co-conspirators. The defendant used rental cars to travel throughout Florida to

2

different ATMs to withdraw hundreds of thousands of dollars in UI funds from various debit cards. For example, on November 4, 2020, ATM surveillance shows the defendant withdrawing $980 from a debit card ending in 0371, issued to "M.O.M.," at a Bank of America ATM in Osceola County, Florida. M.O.M. confirmed that he never filed for unemployment benefits or authorized anyone to do so on his behalf. The defendant used the fraudulent UI proceeds to make luxury purchases in Miami, Florida, and elsewhere.

The above-detailed facts are corroborated by, among other things, witness interviews, banking records, ATM photographs, business records, and other evidence. The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove beyond a reasonable doubt a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud), as charged in the Information.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8/27/24    By: _____
JOSEPH EGOZI
ASSISTANT UNITED STATES ATTORNEY

Date: 8/21/24    By: _____
ANA M. DAVIDE
ATTORNEY FOR DEFENDANT

Date: 8/13/24    By: _____
ZACHARY KAMERON RAMYARD
DEFENDANT